358 P.2d 342

**STATE of Utah, Plaintiff and Respondent,**

v.

**Ray J. SMITH, Defendant and Appellant.**

No. 9260.

Supreme Court of Utah.

Jan. 3, 1961.

Galen Ross, Salt Lake City, for appellant.

288

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

Defendant Ray J. Smith was tried on the charge of perjury and found guilty by the jury. From the trial court's judgment on the verdict, defendant appealed to this court.

Defendant was subpoenaed to testify as a witness before the Davis County Grand Jury that was investigating polygamy. When testifying as a witness, defendant "could not remember" several important things that had happened only one or two days before. The record of defendant's testimony before the grand jury formed the basis of the perjury charge and subsequent conviction from which defendant now appeals.

The grand jury investigation received much comment from the newspapers, and there were but few people in the area who were not aware of it. The trial of defendant for perjury was conducted in the same county in which the grand jury investigation had been held. Defendant alleges that the jurors, in his trial for perjury, were prejudiced because of the publicity that had been given to the polygamy investigation, and that the trial court erred in denying appellant's motion for continuance and a change of venue.

The cases upon which defendant relies in support of his appeal [1] are all concerned with newspaper articles that were prejudicial because they commented adversely upon the defendant during his trial for an alleged offense. Here the publicity, which is said to have caused the prejudice, was not concerning defendant nor his trial for perjury, but it was publicity of the investigation during which defendant is supposed to have given false testimony. Although the record bears out that the jurors were all conscious of the grand jury investigation, it shows no evidence of prejudicial newspaper comment during the course of defendant's trial. The only juror who admitted to any prejudice because of the publicity given the grand jury investigation was dismissed for cause. No other juror was challenged for cause by defendant.

■ It is largely within the trial court's discretion to grant or to refuse to grant a change of venue.[2] Upon the facts of this case the trial court did not abuse its discretion in refusing to allow a change

1. Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250; Griffin et al. v. United States, 3 Cir., 1924, 295 F. 437; United States v. Montgomery, D.C. N.Y.1930, 42 F.2d 254; United States v. Ogden, D.C.Pa.1900, 105 F. 371; Meyer et al. v. Cadwalader, C.C.Pa.1891, 49 F. 32; State v. Claypool, 135 Wash. 295, 237 P. 730; People v. Wong Loung, 159 Cal. 520, 114 P. 829; People v. Murawski, 394 Ill. 236, 68 N.E.2d 272.

2. State v. Green, 86 Utah 192, 40 P.2d 961.

of venue where no prejudice or bias was shown to exist in the jurors who rendered the verdict. In the absence of any abuse of discretion this court must and does affirm the trial court's determination.

WADE, C. J., and HENRIOD, CALLISTER, and CROCKETT, JJ., concur.