449 P.2d 993

**STATE of Utah, Plaintiff and Respondent,**

v.

**Ronald Edwin GELLATLY, Defendant and Appellant.**

**No. 11337.**

Supreme Court of Utah.

Jan. 27, 1969.

---

Ronald Edwin Gellatly, pro se.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from his conviction upon a jury verdict of the crime of grand larceny and from the denial of his motion for a new trial on the ground of newly discovered evidence.

On or about June 8, 1967, a saddle, bridle, rope and martingale were stolen from Amos Bingham of Morgan County, Utah. Mrs. LeAnn Hill testified that on the evening of the same date she consumed a considerable amount of whiskey at the house of appellant's brother and passed out. The next morning she awakened and found a saddle with the name "Pete" upon it on her bedroom floor and appellant sleeping nearby on a rug. She testified that appellant referred to the saddle as his and requested that she keep it for him. Subsequently, he removed it to his own house and then returned it to Mrs. Hill and directed her to sell it with instructions to inform the buyer, if he made inquiry, that she acquired the saddle at an auction. Pete Miller purchased the saddle for $65.00, later he informed Mrs. Hill that the saddle was stolen and demanded the return of his money. Mr. Miller informed the county sheriff about the saddle, and the sheriff took possession.

Appellant contends that there was insufficient evidence to submit the issue of his guilt to the jury. Specifically, he claims that the State failed to present a prima facie case, since there was no evidence that appellant stole the saddle or that there was a union of act and intent.

Appellant has failed to consider the provision in Section 76–38–1, U.C.A.1953: "* * * Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation shall be deemed prima facie evidence of guilt."

Under this provision, the State need not present any direct proof identifying defendant as the thief or directly connecting him with a felonious taking or asportation, for the legislature has deemed possession of recently stolen property without a satisfactory explanation as sufficient to support a conviction.[1] Of course, the State must prove not only the larceny and recent possession,[2] but also that defendant

1. State v. Dyett, 114 Utah 379, 199 P.2d 155 (1948).

2. "* * * Possession of articles recently stolen, when coupled with circumstances

failed to make a satisfactory explanation of his possession. By "prima facie evidence" it is meant that there arises an inference of guilt that defendant committed the larceny and that this inference may be considered with all other circumstances by the jury in its determination of whether the defendant is guilty beyond a reasonable doubt.[3]

In the instant action, there were sufficient facts upon which the jury could find beyond a reasonable doubt that the saddle had been recently stolen, that defendant had been in possession thereof, asserting ownership and arranging a sale therefor, and that he failed to proffer a satisfactory explanation as to his possession.

Appellant contends that it was prejudicial error for his trial counsel to refuse the offer of the trial court to instruct the jury as to the lesser offense of receiving stolen property. When, as a matter of strategy, defendant desires to have his case submitted to the jury upon the basis of the greater offense only, he has made his election and is bound by it.[4]

Appellant claims that it was prejudicial error for the trial court to deny his motion for a change of venue. Appellant argues that he was deprived of a fair and impartial trial in sparsely populated Morgan County because the jury was acquainted with two of the State's witnesses, the sheriff and Mr. Bingham, the owner of the stolen saddle and had heard rumors about his case. It is significant that appellant does not contend that Mrs. Hill, whose testimony was essential to his conviction, was acquainted with the jurors. Mere general allegations that a whole county has knowledge of a crime by rumor, particularly of a crime of the type here involved, is insufficient to indicate that prejudice or bias existed in the jurors who rendered the verdict. A change of venue rests largely in the discretion of the trial court; there is no indication that there was any abuse of that discretion in the instant case; therefore, the determination of the trial court must be affirmed.[5]

Finally, appellant contends that the trial court erred by its denial of his motion for a new trial on the ground of

---

of hiding or concealing them, or of disposing or attempting to dispose of them, or of making false or unreasonable or unsatisfactory explanations of the possession, may be sufficient to connect the possessor with the commission of the offense. But mere or bare possession when not coupled with other culpatory or incriminating circumstances does not alone suffice to justify a conviction. * * * "

State v. Kinsey, 77 Utah 348, 352, 295 P. 247, 249 (1931).
3. State v. Wood, 2 Utah 2d 34, 268 P.2d 998 (1954).
4. State v. Valdez, 19 Utah 2d 426, 428, 432 P.2d 53 (1967).
5. State v. Smith, 11 Utah 2d 287, 358 P. 2d 342 (1961); State v. Kazda, 15 Utah 2d 313, 392 P.2d 486 (1964).

newly discovered evidence.[6] Newly discovered evidence, to be a ground for a new trial, must fulfill the following requirements: (1) It must be such as could not with reasonable diligence have been discovered and produced at the trial; (2) it must not be merely cumulative; (3) it must be such as to render a different result probable on the retrial of the case.[7] Without specifying all of the allegedly newly discovered evidence, it is sufficient to observe that none of it qualifies under the foregoing rule because it can be characterized largely as facts within his personal knowledge which he deliberately failed to produce prior to his trial and conviction.

The judgment of the trial court is affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

6. Sec. 77-38-3(7), U.C.A.1953.

7. State v. Weaver, 78 Utah 555, 559, 6 P. 2d 167 (1931).