STATE of Utah, Plaintiff and Appellee,

v.

William CHRISTOFFERSON,
Defendant and Appellant.

No. 880612–CA.

Court of Appeals of Utah.

June 1, 1990.

James C. Bradshaw, Joan C. Watt, and Robert L. Steele, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, and Charlene Barlow, Salt Lake City, for plaintiff and appellee.

Before DAVIDSON, GARFF and BULLOCK,[1] JJ.

## OPINION

GARFF, Judge:

Defendant William Christofferson appeals from a conviction of theft, a class A misdemeanor, as defined by Utah Code Ann. § 76-6-404 (1990). We affirm.

On April 5, 1988, defendant was arrested in Salt Lake City for a school burglary unrelated to the present theft charge. On April 6, after being informed of and waiving his Miranda rights, he was questioned by Detective Brent Hutchison. At the conclusion of the interrogation for the school burglary, Hutchison asked defendant if he knew about any other crimes that he wanted to clear up. Defendant responded that he knew about an air compressor that had been stolen in Murray. He correctly identified the victim and the Murray detective, Gerry Christensen, who was assigned to the case. He also said he knew who was responsible for the theft. Hutchison asked defendant if he would be willing to talk to Christensen about the matter. He agreed. Defendant was then booked into jail.

On April 7, Hutchison and Christensen returned to talk to defendant. Sometime prior to being questioned by Christensen about the theft, defendant told Hutchison that he had been to court for the burglary and had been appointed an attorney, but that he had not yet spoken with him. Hutchison advised defendant again of his Miranda rights. Defendant said he was willing to talk to Christensen without an attorney present, and then admitted that he had taken the air compressor.

Charges in the school burglary case were filed on April 8. The record shows that defendant, without counsel, appeared for arraignment on April 11. The trial court appointed the legal defender's office to represent him. Charges on the theft of the air compressor were filed on April 13.

On April 27, defendant went to Christensen and denied taking the compressor. Defendant claimed that he and another individual had planned the theft, but that the other individual had acted alone in taking the compressor. This contradictory statement was not made part of the written investigative report and was not made known to the prosecution until the morning of the trial.

Prior to trial, defendant moved to suppress his April 7 confession, claiming that it was obtained in violation of his constitutional rights to have counsel present during

1. J. Robert Bullock, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78-3-24(10) (Supp.1989).

custodial questioning. The motion was denied and the inculpatory testimony was heard at trial. During the trial, Christensen also testified about the contradictory exculpatory statement made by defendant on April 27. Defendant did not object to the surprise testimony and thoroughly cross-examined Christensen about the statement.

Later, defendant unsuccessfully moved to dismiss on the grounds that the exculpatory evidence was not made available to defense counsel in violation of the discovery order. The jury found defendant guilty.

On appeal, defendant alleges that the April 7 confession was obtained in violation of his fifth amendment right to counsel, and that it was clear error on the part of the trial judge to allow the jury to hear testimony regarding his confession. Defendant further alleges that the prosecution violated a pretrial discovery order by failing to disclose the April 27 exculpatory statement, and that it was reversible error for the trial judge to not grant his motion to dismiss.

## RIGHT TO COUNSEL

■ Defendant contends that he invoked his right to counsel when he appeared, prior to April 7, in circuit court for a probable cause hearing on the burglary charge, and was appointed counsel. He states that when he told the police that a lawyer had been appointed to represent him, they should have viewed this as a request to have counsel present during the questioning.

At the hearing on the motion to suppress his confession, defendant relied upon the testimony of a police officer, who stated that a probable cause hearing is normally held the day after an accused is booked into jail. Since counsel is not ordinarily appointed at a probable cause hearing, the trial judge asked defendant to provide him with the circuit court file and the transcript of the probable cause hearing. Defendant only produced the file. The trial judge found nothing in the file to support defendant's claim or even to suggest that a

hearing had ever occurred. To the contrary, the file indicated that counsel in the burglary case was not appointed until April 11, three days after defendant's confession.

Defendant has not supplied this court with either the court file or the transcript from the alleged probable cause hearing.

In its ruling on defendant's motion to suppress, the trial court found:

If, in fact, Christofferson had invoked his right to counsel under the Sixth Amendment in regards to the burglary of the Edison school case, such right was his during the interrogation in this matter, not only of the Edison school case, but of the compressor theft case. The interrogation occurred while he remained in continuous police custody, the state initiated the interrogation and, therefore, Christofferson could not waive his right to counsel without counsel being present.

If Christofferson had not invoked his right to legal counsel under the Sixth Amendment, he still had his rights under the Fifth Amendment which could be waived.

[In] a review of ... the school burglary case, the court file indicates that the complaint was filed on April 8, 1988, and a summons dated that date of the warrant of arrest. The defendant appeared *without counsel* for arraignment in Circuit Court on April 11, 1988, at which time the court appointed the Legal Defenders office to represent the defendant. Attorney Bradshaw filed his appearance on April 12, 1988, and the preliminary hearing was held on April 13, 1988.

Therefore, the interrogation by the Salt Lake City Police, as well as the Murray Police, apparently occurred prior to the complaint being filed, and prior to defendant's appearance in court without counsel, at which time legal counsel was appointed.

■ We accept the trial court's finding that defendant had not been appointed counsel prior to his interrogation. In the absence of a record or transcript supporting defendant's factual contentions on ap-

peal, *Mark VII Fin. Consultants Corp. v. Smedley*, 792 P.2d 130, 134 (Utah Ct.App. 1990), and upon defendant's failure to marshal evidence that shows the ruling to be clearly erroneous, *In re D.M.*, 790 P.2d 562, 566–67 (Utah Ct.App.1990), we presume that the ruling is adequately supported by the clear weight of the evidence. When raising objections on appeal, appellant has the burden to see that the record contains the materials necessary to support his appeal. "We cannot speculate on the existence of facts that do not appear in the record. When crucial matters are not included in the record, the missing portions are presumed to support the action of the trial court." *State v. Theison*, 709 P.2d 307, 309 (Utah 1985); *see also Intermountain Power Agency v. Bowers–Irons Recreation Land & Cattle Co.*, 786 P.2d 250, 252 (Utah Ct.App.1990) (in the absence of a complete record, we presume that the trial court's findings are supported by sufficient evidence).

■ Defendant next contends that his April 19 statement to Hutchison, to the effect that he had been to court and had been appointed an attorney but had not yet spoken with him, was an equivocal request for counsel to be present during questioning and an invocation of his fifth amendment right to representation by counsel. Therefore, his subsequent confession was unconstitutionally obtained and should have been suppressed by the trial judge.

In *State v. Griffin*, 754 P.2d 965 (Utah Ct.App.1988), we held that

> when an accused makes an arguably equivocal request for counsel during custodial interrogation, further questioning must be limited to clarifying the request. If the request is clarified as a present desire for the assistance of counsel, all questioning must cease as if an initial unambiguous request had been made. If, however, the accused, absent police persuasion, indicates he does not want counsel present at that time, the interrogation may continue.

*Id.* at 969. We agree that defendant's remark that he had been appointed counsel was sufficiently ambiguous to be an argu-

ably equivocal request for counsel. It then became the responsibility of the detectives to clarify the request.

■ The evidence shows that defendant's reference to counsel was made with only Hutchison present, before defendant had been introduced to Christensen. The testimony given at the hearing on the motion to suppress and at trial indicates that defendant, after being introduced to Christensen, was again given his Miranda rights by Hutchison. Defendant then agreed to talk to Christensen without an attorney being present. Only then was the confession elicited. It is clear that the only questioning which took place after the arguably equivocal request for counsel related only to clarification until waiver had been properly established. We find that satisfactory clarification without undue persuasion took place, and that defendant did not express a present desire for the assistance of counsel. Defendant's statement was, therefore, a valid and admissible confession. Thus, we find no error in the trial judge's denial of defendant's motion to suppress.

## MOTION TO DISMISS

■ Defendant claims that the prosecutor violated the discovery order, and that it was reversible error for the trial court to deny his motion to dismiss. To recount the relevant facts, defendant approached Christensen on April 27, 1988, and made an exculpatory statement that contradicted his prior confession. The prosecutor did not become aware of the statement until the morning of the trial, and made no attempt to inform defense counsel. Counsel for defendant first became aware of the statement when Christensen so testified. At this time, defendant had several avenues available to him to mitigate the effects of the unanticipated testimony. However, he did not object, move for a continuance, or request a mistrial. In addition, defense counsel thoroughly cross-examined Christensen on the matter. Later, during a recess, defendant moved to dismiss the charges, claiming that the prosecution's failure to disclose the exculpatory evidence violated the discovery order.

The prosecution was required to disclose to the defense any known relevant written or recorded statements of the defendant and any known exculpatory evidence under Utah Code Ann. § 77–35–16(a) (1982). The April 27 statement was not recorded anywhere. Nevertheless, the prosecutor became aware of it before the trial began, and should have disclosed it to defense counsel.

The remedy for violation of this rule is set forth in Utah Code Ann. § 77–35–16(g) (1982):

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

When the discovery violation was brought to the attention of the court, defendant did not object, request a continuance, or call for a mistrial. Rather, defendant moved to dismiss. Under the circumstances, it was not unreasonable for the trial court to deem it unjust to grant defendant's motion when there were other, less harsh remedies specifically mentioned in the statute available to him.

In *State v. Knight*, 734 P.2d 913, 918 (Utah 1987), our supreme court held that Knight's ability to defend himself was impaired because the trial court had denied his motions for mistrial and continuance when two witnesses at trial gave unanticipated testimony. In *State v. Griffiths*, 752 P.2d 879 (Utah 1988), Griffiths objected to the prosecution's failure to comply with a discovery order. The prosecution did not disclose a statement made by the defendant to the arresting officer until shortly before trial. The supreme court stated that "[a] pivotal fact in our reversal of *Knight* was defense counsel's timely efforts to obtain relief in order to mitigate the potential or suffered prejudice caused by the prosecutor's wrongful conduct." *Id.* at 882–83 (footnote omitted). The court went on to hold that by failing to move for a continuance, "defendant [Griffiths] waived relief under rule 16(g) as implemented in *Knight* by not making timely efforts to mitigate or eliminate the prejudice caused by the prosecutor's conduct." *Id.* at 883 (footnote omitted); *see also State v. Workman*, 635 P.2d 49, 53 (Utah 1981).

Here, we do not condone the actions of the prosecution. However, defendant's failure to mitigate the impact of the unexpected testimony by objecting to its admission or moving for either a continuance or a mistrial precludes his claim that it was error to not grant his motion to dismiss. Dismissal is proper only when all other attempts to mitigate damage caused by unexpected evidence have failed.

The conviction is affirmed.

BULLOCK and DAVIDSON, JJ., concur.