2011 UT App 71

**STATE of Utah, Plaintiff and Appellee,**

v.

**Stony Shay MURDOCK, Defendant and Appellant.**

**No. 20090283–CA.**

Court of Appeals of Utah.

March 10, 2011.

Rehearing Denied June 21, 2011.

worth the price paid by the justice system." *Her-* *ring,* 129 S.Ct. at 702.

Linda M. Jones, Salt Lake City, for Appellant.

Mark L. Shurtleff and Jeffrey S. Gray, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Defendant Stony Shay Murdock challenges his forcible sodomy conviction, *see* Utah Code Ann. § 76–5–403(1)–(2) (2008), arguing that the trial court abused its discretion under rule 16 of the Utah Rules of Criminal Procedure when it refused to grant a mistrial or to allow him the opportunity to conduct further discovery on the testing status of a second DNA swab (the DNA swab) due to the State's discovery violation, *see* Utah R.Crim. P. 16(g).[1] We affirm.

¶ 2 Although it is questionable whether the prosecutor actually violated the discovery rules, we will assume for the purposes of this appeal that prior to the trial in this matter the prosecutor informed Defendant that the DNA swab had been tested but the sample was insufficient to produce a result. During the trial, however, the prosecutor changed his position and stated that the DNA swab in question had never been tested.[2] As a remedy for this violation, the trial court excluded

evidence that would have partially explained the lack of test results for the DNA swab. *See id.* ("If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed. . . .."). Specifically, the trial court refused to allow the State to introduce evidence that Defendant had possessed the DNA swab prior to the trial but never tested it because he adamantly opposed testing it. As part of this remedy, the trial court read the following stipulation to the jury: "The second anal fold swab was not tested by the State because it was believed that it was an insufficient sample to produce a useable result." Ultimately, the trial court's remedy excluded evidence the jury could have negatively interpreted against Defendant by believing he did not want the DNA swab tested because he feared the results.

¶ 3 On appeal, Defendant does not challenge the trial court's exclusion remedy but instead asks us to determine that the court abused its discretion by not granting two other remedies that Defendant requested at trial—a mistrial and additional discovery related to the DNA swab.[3] *See* Utah R.Crim. P. 16(g) ("[T]he court may order such party to permit the discovery or inspection, grant a continuance, ... or it may enter such other order as it deems just under the circumstances."). We begin with Defendant's argument that the trial court abused its discretion by not granting a mistrial.

---

1. Although the State has two independent duties to provide discovery to a defendant, i.e., the Due Process Clause and rule 16 of the Utah Rules of Criminal Procedure, *see State v. Kallin*, 877 P.2d 138, 143 (Utah 1994); *State v. Doyle*, 2010 UT App 351, ¶ 4, 245 P.3d 206, Defendant raises a challenge only under rule 16, and therefore, we do not address the alternative constitutional basis for challenging discovery violations.

2. Much of the confusion in this case seems to arise out of the words used to describe the testing status of the DNA swab. Inasmuch as Defendant sought to classify the test result as negative, i.e., the sample was tested and conclusively determined not to be Defendant's DNA, we see no evidence that the prosecutor made such a statement on or off the record. Defendant has only

pointed to the prosecutor's statements prior to and during the trial that, at best, indicate testing occurred, but the sample was insufficient and produced an inconclusive result. We could just as easily determine, based on the record cites given by Defendant, that the State did not commit a discovery violation because the prosecutor's statements indicate that the sample was insufficient for testing.

3. At one point Defendant requested that all DNA evidence be excluded. The trial court did not abuse its discretion by allowing the jury to hear about certain DNA evidence because the lack of conclusive DNA evidence was favorable to Defendant and furthered his argument that the State did not produce sufficient DNA evidence to tie him to the assault.

A trial court's denial of a motion for mistrial [based on a discovery violation] will not be reversed absent an abuse of discretion. This is because the trial court is in the best position to determine whether the incident prejudiced the jury. Therefore, we will not find an abuse of discretion unless a review of the record shows that the court's decision is plainly wrong in that the incident so likely influenced the jury that the defendant cannot be said to have a fair trial.

*State v. Martinez*, 2002 UT App 126, ¶ 36, 47 P.3d 115 (citations and internal quotation marks omitted).

 ¶ 4 The trial court did not abuse its discretion by denying Defendant's request for a mistrial because the misstatement about whether the DNA swab was tested did not prejudice Defendant.[4] Despite the misstatement that the DNA swab had been tested, Defendant was still able to argue to the jury that the result of DNA testing was inconclusive. In addition, and beneficial to Defendant, the trial court's exclusion remedy precluded the State from presenting evidence that Defendant did not want the DNA swab tested. Moreover, despite becoming aware of the misstatement halfway through the trial, Defendant's opening and closing arguments consistently articulated his position that the DNA results were inconclusive and the State could not present DNA evidence to corroborate the victim's version of events. Thus, Defendant suffered no prejudice as a result of the discovery violation to warrant a mistrial.

 ¶ 5 Additionally, "[t]o conclude that an abuse of discretion occurred, we must find

that unacceptable prejudice to [the defendant] remained after" the trial court granted the alternative relief requested by the defendant. *State v. Menzies*, 889 P.2d 393, 401 (Utah 1994); *see also State v. Bakalov*, 1999 UT 45, ¶ 54, 979 P.2d 799 ("Rule 16 'grants a trial court ample discretion to remedy any prejudice to a party resulting from a breach of the criminal discovery rules.'" (quoting *State v. Larson*, 775 P.2d 415, 418 (Utah 1989))); *State v. Knight*, 734 P.2d 913, 918 (Utah 1987) ("Under ... rule [16(g)], the trial court has ample power to obviate any prejudice resulting from a breach of the criminal discovery rules. If it does so, the defendant obviously cannot complain of the prosecutor's conduct, since the defendant's substantial rights will not have been affected."); *State v. Christofferson*, 793 P.2d 944, 948 (Utah Ct.App.1990) ("[I]t was not unreasonable for the trial court to deem it unjust to grant defendant's motion [to dismiss] when there were other, less harsh remedies specifically mentioned in the [rule] available to him."). Here, the trial court granted an alternative exclusion remedy that provided Defendant with an adequate remedy for the alleged discovery violation. Therefore, the trial court did not abuse its discretion by refusing to grant a mistrial.

 ¶ 6 Defendant also requests on appeal that we remand to the trial court for further discovery to determine the exact testing status of the DNA swab. However, Defendant's request fails because he never made a motion for a continuance in the trial court to allow additional time for discovery on the testing status of the DNA swab.[5] *See State v. Work-*

---

4. When asked if the discovery violation caused any prejudice, Defendant's appellate counsel recognized at oral argument that "at this juncture it is difficult to establish prejudice."

5. After learning that the DNA swab had not been tested, Defendant moved for a mistrial and argued that he wanted the sample tested. Although Defendant's request for additional testing could be interpreted as a motion for a continuance, based upon the unique circumstances of this case, the trial court did not interpret Defendant's request for further testing as a motion for a continuance and neither do we. The trial court stated,

> I'm also finding that the sample was unequivocally given back to the State. And that there was an unequivocal indication by the defense that they did not intend to test this. That is an intention that was given to me that has never been changed as far as I know until you come here and infer without actually saying it, that somehow you would have tested if you would have known they hadn't tested it.

Given that Defendant had adamantly opposed testing the DNA swab while the sample was in his possession, the trial court was faced with a different situation than if Defendant had never had the opportunity to perform such tests. Because Defendant's statements at trial were con-

*man,* 2005 UT 66, ¶ 8, 122 P.3d 639; *State v. Griffiths,* 752 P.2d 879, 882–83 (Utah 1988) (determining that although the prosecutor did not disclose a statement that contradicted the defendant's alibi evidence until shortly before trial, the "defendant waived relief under rule 16(g)" by moving for a mistrial instead of requesting "a continuance, to which he would have been entitled," and that could have "mitigate[d] or eliminate[d] the prejudice caused by the prosecutor's conduct"); *State v. McClellan,* 2008 UT App 48, ¶ 34, 179 P.3d 825 (determining that when the trial court admitted the surprise evidence over the defendant's objection, the defendant waived his rule 16 claim by not seeking a continuance to "mitigate[ ] or eliminate[ ] the ensuing prejudice" (internal quotation marks omitted)), *rev'd in part on other grounds, aff'd in part,* 2009 UT 50, ¶¶ 1, 30–31, 216 P.3d 956; *State v. Rugebregt,* 965 P.2d 518, 522–23 (Utah Ct.App.1998) (determining that although the State had "failed to fully and forthrightly comply with its Rule 16 obligation," the defendant waived any challenge by not requesting a continuance to devise a way of handling the unexpected testimony).

¶ 7 Furthermore, even if Defendant had sought a continuance, the prosecutor's untimely disclosure that the swab had not been tested simply did not prejudice Defendant, as we have previously discussed.[6] *See State v.*

*Basta,* 966 P.2d 260, 265 (Utah Ct.App.1998) ("[T]he reviewing court must determine 'whether there is a reasonable likelihood that the outcome of [the defendant's] trial would have been more favorable to him [or her] had' the [discovery] error not occurred." (second and third alterations in original) (quoting *Knight,* 734 P.2d at 920)). Whether the sample was tested with an inconclusive result, which was the alleged pretrial disclosure, or not tested because the sample was insufficient, which was the disclosure given on the second day of trial, Defendant's argument was the same, i.e., that the State had failed to produce any DNA evidence that connected Defendant with the assault or corroborated the victim's version of events. Therefore, Defendant has not demonstrated that the trial court abused its discretion in denying the request for additional discovery.

¶ 8 Affirmed.

¶ 9 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

tradictory to his pretrial actions, the trial court did not exceed its discretion by refusing to construe the statements as a request for a continuance.

**6.** Defendant's appellate counsel suggested at oral argument that *State v. Martin,* 1999 UT 72, 984 P.2d 975, allows us to remand without determining that Defendant was prejudiced. However, the Utah Supreme Court in *Martin* made two determinations before remanding the case; first, whether the defendant was entitled to the evi-

dence, and second, whether the nondisclosure of the evidence prejudiced the defendant. *See id.* ¶¶ 14–16. Only upon a determination of prejudice was the case remanded for additional discovery. *See id.* ¶ 16. In nondisclosure cases the burden shifts to the State to prove lack of prejudice. *See id.* ¶ 14. Although we are not convinced that this is a nondisclosure case, the State could easily carry that burden because the facts of this case demonstrate that Defendant was not prejudiced when he was misinformed about the testing.