2002 UT App 279

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Eddie CLEGG, Defendant and Appellant.**

No. 20010440–CA.

Court of Appeals of Utah.

Aug. 29, 2002.

Margaret P. Lindsay, Provo, for Appellant.

Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee.

Before Judges BILLINGS, BENCH, and DAVIS.

## OPINION

BENCH, Judge.

¶ 1 Defendant Eddie Clegg appeals from convictions of possession of a controlled substance, and possession of drug paraphernalia. At issue is whether the trial court erred by not holding an evidentiary hearing in denying Defendant's motion to suppress. We affirm.

## BACKGROUND

¶ 2 On November 22, 1999, an informant identified Defendant's trailer as a drug house. Officers Dearden, Beebe, and Barney then searched "the garbage can from off the street directly in front of [Defendant's] trailer." The officers discovered various drug paraphernalia in the search of the garbage can. The next day, Officers Dearden and Beebe executed a search warrant at Defendant's trailer. During the search, the officers seized methamphetamine and drug paraphernalia. Defendant was charged with possession of a controlled substance and possession of drug paraphernalia.

¶ 3 Following a preliminary hearing, Defendant filed a motion, later supplemented, to suppress the evidence. In the motions, Defendant argued that the search of his residence violated his Fourth Amendment rights because probable cause did not support the search warrant. Defendant also argued that the search of his garbage can violated the Fourth Amendment. On October 5, 2000, the trial court denied Defendant's motion. The trial court concluded the affidavit was sufficient to support the warrant and, pursuant to *State v. Jackson,* 937 P.2d 545, 549–50 (Utah Ct.App.1997), Defendant had no reasonable expectation of privacy in trash left in a garbage can on the street for collection.

¶ 4 On November 13, 2000, over a month after the court had issued its decision denying Defendant's motion to suppress, Defendant filed a "Motion for Hearing on Motion to Suppress." Defendant argued that a factual issue existed as to whether the garbage can was outside of the residential curtilage at the time of the search. The trial court denied Defendant's request for a hearing.[1] Defendant then entered conditional guilty pleas, and this appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Defendant argues that the trial court abused its discretion by not conducting an evidentiary hearing on his motion to suppress because there was a "clear dispute between the parties as to whether the garbage can searched by [the] officers ... was retrieved from off the street in front of the residence or from the curtilage of the residence." "We review a trial court's denial of an evidentiary hearing on a motion to suppress for abuse of discretion." *United States v. Glass,* 128 F.3d 1398, 1408 (10th Cir.1997).

## ANALYSIS

¶ 6 A "defendant bears the burden of showing there are material facts in dispute, and an evidentiary hearing is only re-quired when the motion to suppress 'raise[s] factual allegations that are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." '" *Id.* at 1408–09 (quoting *United States v. Chavez–Marquez,* 66 F.3d 259, 261 (10th Cir.1995) (citation omitted)). If no material fact is in dispute, then no evidentiary hearing is required. *See United States v. Lilly,* 983 F.2d 300, 310–11 (1st Cir.1992) (stating that "[a] criminal defendant has no constitutional right to conduct a fishing expedition, therefore a movant must make an adequate threshold showing that material facts are in genuine doubt or dispute"); *United States v. Rodriguez,* 69 F.3d 136, 141 (7th Cir.1995) ("To warrant a hearing, the defendant's submission must demonstrate that there is a disputed material issue of fact.").

¶ 7 Defendant argues that the trial court abused its discretion by failing to conduct an evidentiary hearing on his motion to suppress. We disagree.

¶ 8 In his motion to suppress and the subsequent supplement, Defendant challenged (1) the sufficiency of the affidavit to establish probable cause, (2) the reliability of the informant, and (3) whether an exception permitted a warrantless search of a garbage can "situated at or near" the street.[2] The trial court appropriately addressed these contentions in its memorandum decision. Only after the court denied the motion to suppress did Defendant even attempt to dispute the location of the trash can. Our review of the record reveals no abuse of discretion by the trial court. Defendant's motion to suppress contains no factual allegations going to the issue of where the trash can was located. The affidavit in support of the search warrant clearly states that "the garbage can [was removed] from off the street directly in front of ... [Defendant's] trailer." Defendant did not challenge this statement prior to the trial court's denial of

---

1. On appeal, Defendant does not challenge the trial court's reasons for denying his motion to suppress. Instead, Defendant challenges the trial court's denial of his later Motion for Hearing on Motion to Suppress.

2. Defendant admits that warrantless searches of residential garbage cans left at curbside that are not part of the curtilage are allowed under both the Fourth Amendment and Article I Section 14 of the Utah Constitution.

his motion to suppress. Accordingly, Defendant failed to place a material fact in dispute and the trial court did not abuse its discretion in denying Defendant's subsequent request for a hearing. *See Lilly,* 983 F.2d at 310; *see also Rodriguez,* 69 F.3d at 141.

## CONCLUSION

¶ 9 An evidentiary hearing is necessary only when a material fact is in dispute. Defendant failed to place a material fact in dispute. The trial court did not abuse its discretion in denying Defendant's request for an evidentiary hearing.

¶ 10 Accordingly, we affirm.

¶ 11 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and JAMES Z. DAVIS, Judge.