2009 UT App 252

**STATE of Utah, Plaintiff and Appellee,**

v.

**Zachriah E. CLARK, Defendant and Appellant.**

**No. 20080545.**

Court of Appeals of Utah.

Sept. 11, 2009.

Herschel Bullen, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Christine F. Soltis, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges BENCH, ORME, and McHUGH.

## OPINION

McHUGH, Judge:

¶ 1 Defendant Zachriah E. Clark appeals his conviction of five counts of sodomy on a child and five counts of sexual abuse of a child. Defendant contends that the trial court erred in excluding evidence of the sexual behavior or, alternatively, the prior false allegations, of his accusers pursuant to Utah's rape shield law. *See generally* Utah R. Evid. 412(a) (making evidence of a victim's other sexual behavior inadmissible in criminal proceedings involving alleged sexual misconduct). He further argues that the trial court erred in denying an evidentiary hearing on the matter. We affirm.

## BACKGROUND

¶ 2 On June 19, 2006, Defendant was charged with ten counts of sodomy on a child, *see* Utah Code Ann. § 76–5–403.1 (2008), and five counts of sexual abuse of a child,[1] *see id.* § 76–5–404.1.[2] The information alleged that Defendant had sodomized and sexually abused his two younger brothers, T.C., then twelve years old, and S.N.C., then ten years old.

¶ 3 Defendant and his younger brothers resided together with their siblings and parents until 2002, at which point Defendant became estranged from the family. In November 2005, Defendant reunited with the family and began making regular visits to the family home. Initially, Defendant's visits occurred on the weekends when his parents

and other siblings were home. After several weeks, however, Defendant began coming to the home on weekdays while his parents were at work.

¶ 4 Occasionally Mother would remove T.C. and S.N.C. from school late in the day to attend professional appointments. In these instances, rather than returning the boys to school, Mother dropped them off at home while she returned to work. Defendant testified that although at times he arrived at the family home while T.C. and S.N.C. were there alone, he never interacted with his younger brothers. T.C. and S.N.C. claimed otherwise.

¶ 5 In May 2006, S.N.C. approached Mother and told her that he and T.C. had been sexually abused. Mother and Father questioned T.C. and S.N.C. and then called police to report the allegations of abuse against Defendant.

¶ 6 On May 22, 2006, T.C. and S.N.C. were interviewed separately by a detective at the Children's Justice Center. During their interviews, both T.C. and S.N.C. described specific instances of oral and anal sodomy as well as other acts of sexual abuse committed by Defendant.[3] When asked about other incidents of abuse, S.N.C. alleged that he had been anally sodomized by a twelve-year-old neighbor boy, A.R. S.N.C. also said that he was anally sodomized by T.C. When questioned by the detective, T.C. confirmed that he had sodomized S.N.C., although he claimed he acted under duress imposed by Defendant. T.C. also recalled that S.N.C. confided that he had been anally sodomized by A.R.

¶ 7 Before trial, Defendant moved to admit evidence of the sexual activities between T.C. and S.N.C., as well as S.N.C.'s allegation against A.R. Defendant argued that the evidence of T.C.'s and S.N.C.'s other sexual

---

1. The information was later amended to include only five counts of sodomy on a child and five counts of sexual abuse.

2. Because the amendments to these statutes pertain only to sentencing, which is not at issue on appeal, we cite to the current version of the statute for the convenience of the reader. *See*

Utah Code Ann. §§ 76–5–403.1,–404.1 amendment notes (2008).

3. Although both T.C. and S.N.C. claimed to have been sexually assaulted and named Defendant as the perpetrator, the details of their accounts vary greatly.

behavior was admissible as an exception to rule 412 of the Utah Rules of Evidence, *see* Utah R. Evid. 412(b) (providing exceptions to the general bar to the admission of evidence of a sexual assault victim's other sexual behavior in specified circumstances). In the alternative, Defendant's trial counsel argued that if the allegation against A.R. were false, that evidence was admissible irrespective of rule 412.

¶ 8 Defendant requested an evidentiary hearing on the matter. *See generally id.* R. 412(c) (providing for a hearing before evidence is admitted). In support of his motion, Defendant argued that the evidence of other sexual contact was probative of the boys' sexual knowledge and their ability to fabricate the allegations against Defendant. Defendant's trial counsel further argued that even if the evidence were inadmissible under rule 412, he was entitled to "an evidentiary hearing with [A.R.] to show and demonstrate that we have [a] preponderance of the evidence that [the claim that A.R. sodomized S.N.C. is] a false allegation."

¶ 9 The State opposed Defendant's motion, arguing that any true allegations of other sexual abuse were barred by rule 412 and no exception to the rule applied. The State further asserted that Defendant could not prove that S.N.C.'s allegation against A.R. was false and, therefore, that the accusation constituted evidence of the alleged victim's other sexual behavior and was precluded by the rule. Persuaded by the State's arguments, the trial court refused to admit the evidence. The trial court also denied Defendant's motion for an evidentiary hearing to prove the falsity of the allegation against A.R. The jury convicted Defendant and this appeal followed.

## ISSUES AND STANDARDS OF REVIEW

■■■ ¶ 10 On appeal, Defendant argues that the evidence of T.C.'s and S.N.C.'s other sexual conduct should have been admitted pursuant to rule 412(b) and, in the alternative, that he was entitled to a hearing to prove the allegation against A.R. was false. Specifically, Defendant argues that his Sixth Amendment Confrontation Clause rights created an exception to rule 412, thereby making S.N.C.'s accusation against A.R., and the sodomy between T.C. and S.N.C., admissible. "We review the trial court's interpretation of ... rule [412] for correctness, according no particular deference to the trial court." *State v. Quinonez–Gaiton,* 2002 UT App 273, ¶ 10, 54 P.3d 139. We review the trial court's underlying evidentiary determinations for abuse of discretion. *See State v. Tarrats,* 2005 UT 50, ¶ 16, 122 P.3d 581. "[D]enial of the right to confront and cross-examine witnesses presents a question of law which is reviewed for correctness." *State v. Gonzales,* 2005 UT 72, ¶ 47, 125 P.3d 878.

■■ ¶ 11 Defendant also contends that the trial court erred by denying his request for a rule 412 hearing. We review the trial court's determination that no evidentiary hearing was required by rule 412 for correctness. *See Quinonez–Gaiton,* 2002 UT App 273, ¶ 10, 54 P.3d 139.

## ANALYSIS

¶ 12 Defendant first contends that evidence of S.N.C.'s claim that he was sexually assaulted by A.R. and evidence of sodomy between T.C. and S.N.C. was admissible to facilitate effective cross-examination at trial. *See* Utah R. Evid. 412(b)(3) (providing for an exception to the rule where exclusion "would violate the constitutional rights of the defendant"); *see also* U.S. Const. amend. VI (Confrontation Clause). According to Defendant, S.N.C. was sodomized by A.R., leading T.C. and S.N.C. to have sexual relations. Defendant suggests this created a motive for T.C. and S.N.C. to accuse Defendant in order to deflect attention from their own conduct. Defendant contends that by excluding this evidence, the trial court violated his Confrontation Clause rights by denying him an opportunity to explore the source of T.C.'s and S.N.C.'s sexual knowledge, challenge their credibility, and establish potential motives they may have had for falsely accusing Defendant.

¶ 13 In the alternative, Defendant argues that even if S.N.C.'s accusation against A.R. were false, the evidence was admissible under rule 412 because its exclusion violated his

constitutional right to confrontation.[4] The State counters that the trial court was correct in excluding evidence of T.C.'s and S.N.C.'s other sexual behaviors and that Defendant did not meet his obligation to establish that the allegation against A.R. was false. The State further contends that Defendant has waived any argument that he was entitled to a hearing unrelated to rule 412.

## I. Truthful Allegations of Other Sexual Conduct

¶ 14 Rule 412 of the Utah Rules of Evidence provides that "evidence offered to prove that any alleged victim engaged in other sexual behavior[ ] and ... evidence offered to prove any alleged victim's sexual predisposition" is inadmissible in criminal proceedings involving alleged sexual misconduct. Utah R. Evid. 412(a). Rule 412 presumes that evidence of an alleged victim's prior sexual behavior is not relevant in a sexual assault prosecution. *See Tarrats*, 2005 UT 50, ¶ 21, 122 P.3d 581. Furthermore, "[e]ven where such evidence bears some marginal relevance, it has an unusual propensity to unfairly prejudice, inflame, or mislead the jury and is likely to distort the jury's deliberative process and should therefore be excluded." *Id.* (citations and internal quotation marks omitted). Thus, "[a] truthful prior allegation of [sexual abuse] carries no value whatsoever in the trial process, and its admission into evidence bears a high potential for humiliating the accuser, discouraging victims from reporting sexual crimes against them, and introducing irrelevant and collateral issues that may confuse or distract the jury." *Id.* ¶ 24. Accordingly, the rule serves to bar all evidence of the alleged victim's other sexual behavior, "whether offered as substantive evidence or for impeachment," unless an exception applies. Utah R. Evid. 412 advisory comm. note.

¶ 15 Here, Defendant argues that the evidence of other sexual conduct is admissible pursuant to the exception recognized in subsection (b) of rule 412, which states, in

relevant part: "The following evidence is admissible, if otherwise admissible under these rules: ... (3) evidence the exclusion of which would violate the constitutional rights of the defendant." Utah R. Evid. 412(b)(3). Accordingly, for evidence of S.N.C.'s and T.C.'s conduct with each other and of S.N.C.'s conduct with A.R. to qualify as an exception under rule 412(b), Defendant must demonstrate both that the evidence was not prohibited by any other rule of evidence and also that its exclusion would violate his constitutional rights. *See id.* Defendant contends that the exclusion of this evidence violated his Sixth Amendment right to confront his accusers, *see* U.S. Const. amend. VI. Because we disagree and because both prongs of the test must be met, we need not address the admissibility of the evidence under the other rules of evidence.

¶ 16 The United States Supreme Court has explained that a defendant's Sixth Amendment right to confront the witnesses against him with relevant evidence "is not without limitation," and, thus, "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Michigan v. Lucas*, 500 U.S. 145, 149, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991) (internal quotation marks omitted). Indeed, "trial judges retain wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant." *Id.* (internal quotation marks omitted). A Sixth Amendment violation occurs when a defendant is "prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose the jury to the facts from which [it] ... could appropriately draw inferences relating to the reliability of witnesses." *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (omission in original) (internal quotation marks omitted).

---

4. Defendant argues for the admission of a false statement as falling within the express exceptions to rule 412, but he does not assert that rule 412 has no applicability to false statements because they do not involve actual sexual conduct.

¶ 17 Defendant contends that the evidence of T.C.'s and S.N.C.'s sexual behavior with each other and S.N.C.'s allegation against A.R. was relevant to the source of their sexual knowledge because that knowledge would have allowed them to fabricate sexual abuse charges against Defendant. We disagree. Defendant has not established that an inquiry into T.C.'s and S.N.C.'s sexual history had any particular relevance or probative value here. Although T.C. and S.N.C. were relatively young children, the source of their sexual knowledge was never placed in issue; the prosecutor did not argue that they lacked the sexual knowledge to fabricate the charges. Furthermore, the prosecutor agreed that Defendant could question T.C. and S.N.C. about their general sexual knowledge so long as Defendant did not disclose the sexual acts between S.N.C. and T.C., or with A.R. Under these circumstances, Defendant has not shown that exclusion of the evidence "prohibited [him] from engaging in otherwise appropriate cross-examination." *See id.* at 680, 106 S.Ct. 1431.

¶ 18 Defendant also argues that evidence of T.C.'s and S.N.C.'s other sexual behavior was admissible to address their credibility and potential motives for falsely accusing Defendant of sexual abuse. In *State v. Quinonez–Gaiton,* 2002 UT App 273, 54 P.3d 139, this court held that the exclusion of evidence regarding the child-victim's other sexual behavior was proper where the defendant had other means of challenging the child's credibility and motives. *See id.* ¶¶ 16–17. There, the child-victim made his accusations against the defendant in response to his stepmother's demand that he reveal where he had learned such behavior after she discovered him performing a sex act on his stepbrother. *See id.* ¶ 2. This court determined that the exclusion of evidence of the child's sexual encounter with his stepbrother was proper where the defendant could have challenged the child's credibility and motive to identify the defendant as his abuser without revealing that sexual conduct. *See id.* ¶¶ 16–17. The court noted that "revealing that [the child] engaged in a sexual act with his stepbrother shed[ ] little or no light, by itself, on why [the child] would be motivated

to accuse [the d]efendant, of all the people in the world, of sexually abusing him." *Id.* ¶ 18.

¶ 19 Here, the prosecutor conceded that Defendant could cross-examine T.C. and S.N.C. on matters related to their potential motive to accuse Defendant falsely. The prosecutor suggested that Defendant was free to "explore the family relation and demonstrate that [T.C. and S.N.C.] did not particularly like ... Defendant, making the inference that they fabricated the[ir] allegation[s]." Furthermore, unlike the victim in *Quinonez–Gaiton,* T.C. and S.N.C. faced no parental pressure to identify an abuser. On the contrary, they took the initiative in disclosing the sexual abuse to their parents. In addition, Defendant reveals no underlying hostility that would suggest an independent motive to accuse him falsely. Rather, Defendant testified that before he was confronted with the allegations of abuse "there had not be[en] anything wrong between [him] and any of [his] siblings." We conclude that the trial court properly excluded the allegations of T.C.'s and S.N.C.'s sexual conduct, insofar as these allegations were true.

## II. False Allegation of Other Sexual Conduct

### A. Rule 412 Does Not Exclude False Allegations.

¶ 20 Although rule 412 prohibits the admission of any truthful evidence that "involve[s] actual physical conduct ... or that impl[ies] ... sexual contact," *State v. Tarrats,* 2005 UT 50, ¶ 22, 122 P.3d 581 (first omission in original) (internal quotation marks omitted), the rule does not reach " 'evidence offered to prove allegedly false prior claims by the victim,' " *id.* ¶ 23 (quoting Utah R. Evid. 412 advisory comm. note); *see also State v. Martin,* 1999 UT 72, ¶ 16, 984 P.2d 975 ("Nothing in Rule 412 would exclude evidence of an alleged rape victim's previous false allegations of rape."). This is so because "[e]vidence of false statements of unrelated sexual assaults are not ... evidence of sexual conduct per se." *Tarrats,* 2005 UT 50, ¶ 24, 122 P.3d 581 (internal quotation marks omitted). And such statements bear directly on the credibility of the purported

victim in a subsequent case. Thus, if the allegation against A.R. were false, it would not be barred by rule 412 and would properly be admissible in this case unless barred by other rules of evidence.

¶ 21 Although Defendant does not acknowledge this distinction on appeal, he does contend that evidence of the false allegation against A.R. should have been admitted as an exception to rule 412. Specifically, Defendant argues that the false allegation should have been admitted to allow Defendant to exercise his Sixth Amendment right to confrontation. *See* Utah R. Evid. 412(b)(3) (creating an exception for "evidence the exclusion of which would violate the constitutional rights of the defendant").

 ¶ 22 While we agree that a prior false allegation of sexual assault by the accuser may be admissible under the Confrontation Clause, *see Martin*, 1999 UT 72, ¶ 16, 984 P.2d 975 (noting that evidence of the alleged victim's prior false allegation is "strong impeachment evidence"), the defendant must establish the falsity of the allegation by a preponderance of the evidence before any constitutional rights are triggered. "[A] defendant who wishes to impeach his accuser's credibility with the accuser's prior allegation of [sexual assault] must first demonstrate by a preponderance of the evidence that the allegation was false." *Tarrats*, 2005 UT 50, ¶ 25, 122 P.3d 581. Defendant has not made this threshold showing here,[5] and thus cannot show a violation of his constitutional rights. *See id.* ¶ 26 ("[W]e hold that protection of the purposes of our rape shield law requires that the defendant make a threshold showing of the falsity of prior allegations by a preponderance of the evidence before he can use those allegations to impeach the accuser's testimony at trial.").

B. Rule 412 Allows for an Evidentiary Hearing to Prove a Prior Allegation by the Accuser Was False.

¶ 23 Defendant contends that he was unable to establish that the allegation against

A.R. was false because the trial court denied his request for a hearing. While Defendant's trial counsel sought an evidentiary hearing both under rule 412 and independently of that rule,[6] Defendant's argument on appeal is limited to the assertion that he was entitled to a hearing under rule 412(c)(2), which states:

> *Before admitting evidence under this rule,* the court *must* conduct a hearing in camera and afford the alleged victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

Utah R. Evid. 412(c)(2) (emphases added).

¶ 24 The State contends that Defendant has waived any argument that he was entitled to a hearing outside the scope of rule 412 by not raising that argument on appeal and that rule 412 expressly provides for a hearing only if the trial court intends to admit the evidence. *See id.* Thus, the State continues, whether or not Defendant should have been given an opportunity to meet his burden of proving that the allegation against A.R. was false, he cannot prevail on his argument on appeal because rule 412(c)(2) does not allow a hearing unless the trial court is inclined to admit the evidence. We do not believe that the statutory language or prior precedents support such a rigid distinction.

¶ 25 Based on the plain language of rule 412, the Utah Supreme Court and this court have held that a hearing is required when the trial court intends to admit evidence of the victim's prior sexual conduct. *See State v. Blake*, 2002 UT 113, ¶ 7, 63 P.3d 56; *State v. Quinonez–Gaiton*, 2002 UT App 273, ¶ 12, 54 P.3d 139 (noting that "where the court determines that it will not admit [evidence of the alleged victim's other sexual behavior] . . . the requirement that a hearing be held is

---

5. Once this threshold showing is made, the evidence of a prior false allegation may be admissible "if it survives the tests of the other rules of evidence." *State v. Tarrats*, 2005 UT 50, ¶ 23, 122 P.3d 581.

6. Trial counsel argued, "Well, if the court is disinclined to admit the evidence under 412, it's our position that we need to determine if it's a false allegation or not. And we would need a hearing on that."

simply not triggered").[7] Thus, where Defendant seeks admission of an accuser's other sexual behavior and the trial court determines it is inadmissible, there is no requirement to hold a rule 412 hearing on the matter.

¶ 26 Notwithstanding the rule's limitation on the instances in which the trial court "must conduct a hearing" under rule 412, Utah R. Evid. 412(c)(2), there is nothing in the rule that would prevent the trial court from holding a hearing in other circumstances. Rather, the trial court retains the discretion to conduct a rule 412 hearing if appropriate. Where the issue is whether rule 412 applies at all, because there is a legitimate question of whether the prior allegation is false, such a hearing may be necessary before the trial court can determine whether to exclude the evidence under rule 412. *See generally* Utah R. Evid. 412 advisory comm. note (indicating that the rule does not apply to false allegations). If a credible challenge to the truthfulness of the accuser's prior allegation is made, an evidentiary hearing is likely the only way to ascertain whether the accusation is shielded by the rule. *See generally id.* (indicating that the rule does not apply to prior false allegations made by the defendant's accuser). Furthermore, any hearing on that question should be conducted in camera as provided by rule 412 so that the impact on the alleged victim can be minimized. Thus, as part of the trial court's rule 412 analysis, it should conduct a rule 412 in camera hearing on the question of falsity if the defendant has legitimately put that question at issue. The trial court's denial of a request for such a hearing will be overturned if it has exceeded its discretion. *Cf. State v. Martin,* 2002 UT 34, ¶ 45, 44 P.3d 805 (denial of motion for new trial reviewed for abuse of

discretion); *State v. Clegg,* 2002 UT App 279, ¶ 5, 54 P.3d 653 (denial of evidentiary hearing on motion to suppress reviewed for abuse of discretion).

¶ 27 Although this is the first time in which a Utah appellate court has considered this issue directly, the prior decisions of our supreme court and this court are not inconsistent with allowing a defendant a hearing under rule 412 to establish the falsity of the prior accusation. In *State v. Blake,* 2002 UT 113, 63 P.3d 56, the defendant, who was charged with sexual abuse of a child, requested a rule 412 hearing to inquire as to the child's past allegations of sexual abuse. *See id.* ¶ 2. The district court denied the motion, finding that "there was no evidence that ... [the child] had made prior accusations of sexual assault." *Id.* ¶ 4. The supreme court affirmed, relying on the language of rule 412 that limits the trial court's obligation to hold a hearing to instances where it is inclined to admit the evidence. *See id.* ¶ 7. Nevertheless, the *Blake* court also noted that "[the defendant] failed to identify any evidence he wished to have admitted and his request for a hearing to attempt discovery of evidence was properly dismissed." *Id.*

¶ 28 Thus, while *Blake* held that the requirement for a hearing under rule 412 was not triggered, it also left open the possibility that, if the defendant had identified a prior allegation by his accuser and a substantial reason for viewing that allegation dubiously, he may well have been entitled to a hearing under rule 412(c)(2).[8] *Accord State v. Tarrats,* 2005 UT 50, ¶¶ 1, 7, 122 P.3d 581 (approving trial court's conclusion that the defendant had not met his evidentiary burden to establish that the prior allegation was false, reached after the trial court held "a

7. While we acknowledge that the court in *State v. Blake,* 2002 UT 113, 63 P.3d 56, stated that rule 412 "provides" for a hearing only when the trial court is inclined to admit the evidence, it did so in the context of the defendant's failure to identify any evidence of prior false allegations by the accuser. *See id.* ¶¶ 4, 7. Thus, *Blake* did not address the issue here: whether a defendant is entitled to a rule 412 hearing to meet the burden of showing the accuser's prior allegation of sexual abuse was false. Likewise, in *State v. Quinonez–Gaiton,* 2002 UT App 273, 54 P.3d 139, the only issue before this court was whether evi-

dence of the child accuser's admitted sexual conduct with his stepbrother was admissible, *see id.* ¶ 1; there was no question that the allegation of child-to-child sexual conduct was true.

8. What *Blake* firmly rejects is the use of a rule 412 hearing "to explore [the accuser's] sexual past and whether there have been any prior accusations of crimes similar to that alleged here." 2002 UT 113, ¶ 1, 63 P.3d 56. Simply put, a rule 412 hearing is not a discovery tool. *See id.* ¶ 7.

series of evidentiary hearings on the matter"); *State v. Martin,* 1999 UT 72, ¶ 16, 984 P.2d 975 ("Nothing in Rule 412 would exclude evidence of an alleged rape victim's previous false allegations of rape.... The refusal of the trial court to allow [the defendant] the opportunity to uncover such evidence was error."). Moreover, it would create a procedural "catch–22" if the trial court could exclude the evidence under rule 412 on the basis that it is true, but refuse to allow a defendant with concrete indicators of falsity an opportunity within the framework of the rule itself to prove otherwise. Consequently, we hold that a defendant may be entitled to a rule 412 hearing if there is evidence of a prior allegation and a legitimate reason to question its veracity. In the absence of such legitimate doubt, the trial court would be well within its discretion in denying the defendant's request for a rule 412 hearing. In contrast, the refusal to allow a defendant even an opportunity to meet his burden of proving the prior allegation is false where there is a legitimate question as to its truthfulness, would exceed the trial court's discretion.

C. The Trial Court Did Not Exceed Its Discretion in Denying Defendant's Motion for an Evidentiary Hearing.

¶ 29 The State argues that even if a rule 412 hearing can be used to establish that the accuser's prior accusation was false, Defendant has failed to provide sufficient reason to question the allegation against A.R. here. In response, Defendant contends that he was entitled to a rule 412 hearing on the veracity of the allegation against A.R. because A.R. denied the allegation when questioned by the police and because no criminal charges were brought against A.R.

¶ 30 Under the facts of this case, we agree with the State. The purpose of rule 412 is to prevent the accusers in sexual assault cases from being subjected to "unwarranted inquiries into [their] sexual behavior." *Tarrats,* 2005 UT 50, ¶ 20, 122 P.3d 581. Consequently, before subjecting S.N.C. to this very type of inquiry, Defendant was required to pres-

ent the trial court with a legitimate reason to believe the allegation against A.R. was false. At the very least, defense counsel must be prepared to argue that the evidence preponderates in favor of the falsity of the prior allegation. Here, the record reflects just the opposite. In his Memorandum Supporting Motion for Rule 412 Hearing, Defendant repeatedly informed the trial court that he believed the allegations against A.R. were true. For example, Defendant stated, with his emphasis, "[Defendant] has *never* asserted or argued that the two alleged victims have made a false allegation relative to their neighbor [A.R.]. Quite to the contrary, defense counsel suggests (at this point) that the two alleged victim[s'] statements about [A.R.] are accurate." [9]

¶ 31 Despite defense counsel's own conviction that the allegation was true, counsel suggested that the trial court hold a hearing to "review all of the alleged victims' statements regarding sexual contact with [Defendant] and [A.R.]" We reject this approach. A rule 412 hearing is not a discovery tool. *See Blake,* 2002 UT 113, ¶ 7, 63 P.3d 56 (holding that the defendant's "request for a [rule 412] hearing to attempt discovery of evidence was properly denied"). Where defense counsel was unable to discover evidence sufficient to disabuse himself of the belief that the prior allegation was true, the trial court was well within its discretion in denying Defendant's request for a hearing.

## CONCLUSION

¶ 32 The trial court was correct in excluding the evidence of other sexual conduct pursuant to rule 412 of the Utah Rules of Evidence. Defendant was not entitled to a hearing under rule 412(c)(2) where he did not even assert that the prior allegation was false, much less demonstrate the existence of a concrete indicator of the allegation's falsity that raised a legitimate question for the trial court to resolve. Defendant's right of confrontation was not implicated in the absence of a showing, by a preponderance of the

---

9. Defense counsel also stated, and the emphasis again was his, "But let's be clear. [Defendant] has *not,* at this point, asserted that a prior false allegation (concerning A.R.) exists in this case."

evidence, that the accusation against A.R. was false.

¶ 33 Affirmed.

¶ 34 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.