*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2025 UT 9**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

SETH CLARK JOLLEY,
*Appellee,*

T.T., *Victim and Appellant.*

No. 20240290
Heard December 13, 2024
Filed April 10, 2025

On Appeal of Interlocutory Order

Fourth District Court, Juab County
The Honorable Anthony L. Howell
No. 221600125

Attorneys:

Derek E. Brown, Att'y Gen., Hwa Sung Doucette, Asst. Solic. Gen.,
Salt Lake City, for appellee State of Utah

Scott Weight, Provo, for appellee Seth Clark Jolley

Paul Cassell, Heidi Nestel, Salt Lake City, for appellant

JUSTICE POHLMAN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE HAGEN joined.

JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1 This interlocutory appeal presents the question of whether a defendant accused of criminal sexual conduct may invoke rule

412 of the Utah Rules of Evidence to compel an alleged victim, before trial, to testify in camera about alleged instances of the victim's sexual behavior involving the defendant.

¶2 Rule 412, Utah's rape shield rule, governs the admissibility of evidence of a victim's "other sexual behavior" in a criminal proceeding involving alleged sexual misconduct. UTAH R. EVID. 412. Such evidence is ordinarily inadmissible, but there are exceptions. As relevant here, rule 412 provides that under some circumstances, a court may admit evidence of specific instances of a victim's sexual behavior involving the defendant if offered by the defendant to prove consent. *Id.* R. 412(b)(2).

¶3 Before his trial on a rape charge, defendant Seth Clark Jolley moved under rule 412 to determine the admissibility at trial of evidence that he and the alleged victim, T.T., had previously engaged in other sexual conduct. *See id.* R. 412(c). As required by the rule, he filed a motion purporting to describe the evidence he would seek to admit, stating that either he or T.T. would be its source.

¶4 After considering Jolley's motion, the district court concluded that Jolley had "met his burden" under the rule and that "the incidents of which [he] would like to inquire of [T.T.] are proper questions to be asked in an in camera hearing on [rule] 412." T.T. objected. She argued that Jolley and the court misunderstood the purpose of rule 412 and that Jolley could not use the rule to compel her to testify about her alleged sexual behavior at the rule 412 hearing. The court disagreed. It ordered T.T. to testify, reasoning that "the purpose of the 412 hearing is so that the court can identify the evidence . . . [it] needs to consider for presentation to a jury."

¶5 We conclude that the court erred in its interpretation of rule 412. We hold that a party seeking to admit evidence under a rule 412(b) exception cannot compel a victim to testify at a rule 412 hearing. Accordingly, we reverse the district court's denial of T.T.'s motion to quash Jolley's subpoena, and we remand for further proceedings.

## BACKGROUND[1]

¶6 Jolley was charged with raping T.T. After a preliminary hearing during which the prosecution relied on T.T.'s recorded statements, Jolley was bound over to stand trial on the charge.

¶7 Before trial, Jolley moved the district court to grant an in camera hearing under rule 412(c)(3) of the Utah Rules of Evidence so that he could, at trial, "offer evidence of specific instances of the victim's past sexual behavior with [him]." He asserted that his counsel would elicit testimony from T.T. (and possibly himself) on this topic "for the purpose of showing that [he] did not have sex with the victim without her consent, and that the incident that forms the basis of the allegation against him was typical and indistinguishable from their past sexual encounters." While he acknowledged that evidence of the victim's past sexual behavior is generally inadmissible at trial, Jolley claimed that rule 412's exceptions apply here to allow for its admission.

¶8 T.T. appeared through counsel as a limited-purpose party and opposed Jolley's motion. She argued, among other things, that Jolley did not describe the evidence in specific enough detail for it to be admitted under rule 412's exceptions and that it should, in any event, be excluded under rule 403 of the Utah Rules of Evidence.[2] In response, Jolley provided "additional details" of their

---

[1] In providing the background relevant to the issue on interlocutory appeal, we emphasize that the allegations against Jolley are not proved and that he is presumed innocent. *See* UTAH CODE § 76-1-501(1) ("A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt."). Likewise, although we sometimes use the term "victim" throughout this opinion, we acknowledge that at this stage of the proceedings, "a victim of a crime is an *alleged* victim of a crime." *State v. Lopez*, 2020 UT 61, ¶ 4 n.1, 474 P.3d 949; UTAH R. EVID. 412(d) (defining "victim" for purposes of rule 412 to include an alleged victim). Jolley's claims regarding his alleged sexual relationship with the victim are similarly unproved.

[2] Rule 403 allows the court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

(continued . . .)

encounters. He also maintained that the district court "should conduct an *in camera* hearing . . . to determine whether [he] may offer the described evidence of specific instances of the victim's past sexual behavior with [him] at the trial."

¶9 After briefing, the district court held a hearing during which it orally granted Jolley's "request for [a] 412 hearing." The judge explained, "[T]he incidents of which [Jolley] would like to inquire of the alleged victim are proper questions to be asked in an in camera hearing on 412. Ultimately, their admissibility at trial is something that we will decide later. But as far as proceeding at the 412 hearing, I will allow the defendant to inquire as to those specific issues raised in the motion."

¶10 T.T.'s counsel sought clarification, asking, "[I]nquire from whom?" The judge answered, "From the alleged victim." T.T.'s counsel responded, "[T]he victim wasn't subpoenaed for this 412 hearing, nor does she need to testify if she wasn't subpoenaed for this hearing. Had she been subpoenaed I would have objected." T.T.'s counsel argued that T.T. "shouldn't have to testify at a trial or any other hearing regarding her sexual history . . . until the defendant meets his burden" and that requiring T.T. to testify "defeats the purpose of 412" and "makes the rule itself obsolete."

¶11 The court then explained its conclusion that Jolley "met his burden in his motion by addressing specific instances . . . for which 412 contemplates the defendant to be able to at least inquire at a 412 hearing." Referring to the exception in rule 412(b)(2), the judge explained, "Jolley's defense and what he raises in his 412 motion is that there are specific instances of sexual conduct between the alleged victim and the defendant that go to the issue of consent and based on that . . . I will allow the defendant to inquire as to those specific issues at the 412 hearing." The court indicated that before admitting evidence at trial under rule 412, it would "conduct an in camera hearing and give the victim and the parties the right to attend and be heard," in accordance with rule 412(c)(3).

¶12 T.T.'s counsel again objected, reiterating that the victim had not been subpoenaed to testify. Counsel also added that rule 412 "just says that the victim is given the opportunity to be present

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." UTAH R. EVID. 403.

and to be heard, not . . . to be forced to speak about her sexual history." The court set the matter for further hearing.

¶13 Jolley then sent a subpoena commanding T.T. to appear and testify at an evidentiary hearing. As expected, T.T. moved to quash the subpoena. She argued that "compliance with the subpoena would be unreasonable because it is unnecessary and inappropriate." *See generally* UTAH R. CRIM P. 14(a)(2) (allowing the court to quash an "unreasonable" subpoena). She also asserted that it would improperly "shift [Jolley's] evidentiary burden . . . by subpoenaing her to provide testimony and be cross examined about incidents that the defendant has failed to substantiate."

¶14 Although Jolley claimed that he had made "the required threshold showing in his written motion," he stated his intention to use the rule 412 hearing to "further demonstrate . . . the appropriateness and relevance of this evidence." He asserted that "there is no way for this Court to evaluate this evidence or T.T.'s arguments against its admissibility *without actually hearing the evidence.*" He further claimed that "[o]nly the alleged victim is in a position to admit or deny that the proposed evidence is true, and [rule] 412 plainly contemplates that she can be cross-examined about the details of her past sexual encounters with [Jolley]." "Otherwise," Jolley continued, rule 412 "could be construed as *requiring* the Defendant to testify in order to gain the admission of this evidence," in violation of his constitutional rights.

¶15 The district court denied T.T.'s motion to quash and ordered T.T. to be present to testify at a rule 412 hearing. The court agreed with Jolley that "the purpose of the 412 hearing is so that the court can identify the evidence that . . . the court needs to consider for presentation to a jury." The court also acknowledged that "there is an imposition to the alleged victim . . . , but that is why 412 hearings are intended to be in camera or in a closed session."

¶16 T.T. petitioned this court for interlocutory review of the denial of her motion to quash, which we granted. *See State v. Lopez*, 2020 UT 61, ¶¶ 21–26, 474 P.3d 949 (explaining that a victim has the "right to pursue an interlocutory appeal from the denial of her motion to quash, as she would be forced to testify otherwise").

## ISSUE AND STANDARD OF REVIEW

¶17 T.T. contends that the district court incorrectly interpreted rule 412 of the Utah Rules of Evidence as allowing Jolley to compel

her to testify at a rule 412 hearing. We review the district court's interpretation of a rule of evidence for correctness. *State v. Biel*, 2021 UT 8, ¶ 21, 484 P.3d 1172.

## ANALYSIS

¶18 T.T. asserts that in denying her motion to quash the subpoena for her testimony at a rule 412 hearing, the district court misinterpreted rule 412 by "convert[ing] a rule giving victims 'a right' to attend [the hearing] into one where they are forced to attend and testify about sensitive subjects whose admissibility has yet to be decided." T.T. further asserts that the district court's ruling "has transformed a 'shield' hearing into a 'testimony' hearing—i.e., a hearing at which victims must often testify." We agree with T.T.

¶19 Rule 412 of the Utah Rules of Evidence is known as a "rape shield rule." *State v. Tarrats*, 2005 UT 50, ¶ 21, 122 P.3d 581. We adopted rule 412 after recognizing that a victim's other sexual conduct "is ordinarily of no probative value on the issue of whether a rape or sexual assault occurred." *Id.* ¶ 20 (cleaned up). The rule is designed both to avoid introducing irrelevant issues into a trial that might distract a jury, *id.* ¶ 24, and to "ensure that sexual assault victims are not deterred from participating in prosecutions because of the fear of unwarranted inquiries into the victim's sexual behavior," *id.* ¶ 20 (cleaned up). "Without a specific rule, including a required pretrial procedure for screening evidence, the uncertainty over what questions will be asked at trial is a significant deterrent to a victim participating in a case involving sexual misconduct." UTAH R. EVID. 412 advisory committee's note to 1994 adoption.

¶20 With these goals in mind, rule 412 starts with a general prohibition against the admissibility of evidence of a victim's other sexual conduct. Specifically, it states that "in a criminal proceeding involving alleged sexual misconduct," evidence offered "to prove that a victim engaged in other sexual behavior; or . . . to prove a victim's sexual predisposition" is not admissible. UTAH R. EVID. 412(a). But the rule includes three exceptions under which the "court may admit [this type of] evidence if the evidence is otherwise admissible" under Utah's evidentiary rules. *Id.* R. 412(b). Here, Jolley invokes the second and third exceptions, which, in relevant part, apply to "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent," *id.*

R. 412(b)(2), and "evidence whose exclusion would violate the defendant's constitutional rights," *id.* R. 412(b)(3).

¶21 The procedure for determining whether evidence is admissible under an exception is outlined in rule 412(c). First, a party intending to offer evidence within the rule's scope must "(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered; (B) do so at least 14 days before trial unless the court, for good cause, sets a different time; and (C) serve the motion on all parties." *Id.* R. 412(c)(1). Second, the victim must be given timely notice. *Id.* R. 412(c)(2). Third, "[b]efore admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing are classified as protected." *Id.* R. 412(c)(3).

¶22 In this case, the dispute centers around whether rule 412 allows a defendant to compel a victim to testify at the in camera hearing described in subparagraph (c)(3). The district court agreed with Jolley that he could compel T.T.'s testimony at the hearing. The court reasoned that "the purpose of the 412 hearing is so that the court can identify the [prior sexual behavior] evidence" the moving party seeks to introduce at trial. And it treated the rule 412 hearing as an opportunity for Jolley to present evidence, stating, "[T]he incidents of which [Jolley] would like to inquire of the alleged victim are proper questions to be asked in an in camera hearing on 412."

¶23 On appeal, Jolley defends the district court's view. To begin, Jolley explains that because he "doesn't know" how T.T. will testify at trial about the prior sexual behavior described in his motion, his lawyer needs to examine T.T. at the pretrial rule 412 hearing so that he can "figure out what the evidence is going to be . . . . We want to know what the jury's going to hear." He then insists that for the district court "to make an ultimate determination regarding the admissibility of [the] evidence," it "need[s] to hear the evidence first."

¶24 In contrast, T.T. argues that once the district court ruled that Jolley had identified "enough specific evidence of prior sexual behavior between him and T.T. to obtain a hearing, no justification existed for forcing T.T. to take the stand and be questioned about her prior sexual history." As she explains, the "only purpose of the rule 412 hearing at that point was to give *T.T.* an opportunity to be

heard about the admissibility of the evidence—not to allow *Defendant* to force T.T. to take the stand so he could question her."

¶25 We agree with T.T. and conclude that both the district court and Jolley fundamentally mistake the purpose of a rule 412 hearing. As discussed, rule 412 requires a party intending to offer evidence that falls within the scope of rule 412's exceptions to "specifically describe[] the evidence" in a motion. UTAH R. EVID. 412(c)(1)(A). In other words, it is the moving party's obligation to identify the evidence it seeks to admit *in advance of* the rule 412 hearing. *See id.* And, as our court of appeals has explained, that description should be specific enough to allow "the district court to, among other things, assess the probative value of the evidence and balance that value against the considerations rule 403 enumerates." *See State v. Bravo*, 2015 UT App 17, ¶ 27, 343 P.3d 306. It is not the district court's burden at the hearing to identify evidence for the moving party. Nor is it the victim's obligation to provide testimony at the hearing so that the moving party can meet its burden.[3]

¶26 Further, we have previously held that rule 412 does not afford a defendant the opportunity "to attempt discovery of evidence" from a victim or to test how a victim will respond to cross-examination. *See State v. Blake*, 2002 UT 113, ¶ 7, 63 P.3d 56 (concluding the district court properly denied rule 412 hearing for the purpose of questioning the victim about prior sexual abuse); *see also State v. Clark,* 2009 UT App 252, ¶ 31, 219 P.3d 631 ("A rule 412 hearing is not a discovery tool."). A rule 412 hearing is designed for the presentation of argument on the admissibility of evidence already identified in motion by the moving party; it is not designed to uncover or test that evidence.

¶27 In fact, the plain language of rule 412 states the hearing's purpose: to "give the victim and parties a right to attend and be

---

[3] Jolley suggests that this interpretation of rule 412 would require him to testify himself and thereby waive his right to remain silent. We disagree. The rule does not require Jolley to testify. Instead, Jolley need only identify facts that he reasonably anticipates could be elicited during either T.T.'s testimony or his own (should he decide to testify). *Cf.* UTAH R. EVID. 412(b)(2) (regarding specific instances of sexual conduct between the victim and the defendant). Whether Jolley ultimately decides to testify at trial in support of his defense will be up to him.

heard" before the court admits the evidence identified by the moving party. UTAH R. EVID. 412(c)(3). The rule thereby entitles a victim to address the potential admissibility of the identified evidence "prior to having his or her sexual history discussed in open court." *State v. Quinonez-Gaiton*, 2002 UT App 273, ¶ 12, 54 P.3d 139. Then, after the court hears legal argument from the victim and the parties, the court can rule on the ultimate admissibility of that evidence.[4]

¶28 Jolley resists this conclusion, pointing to *State v. Beverly*, 2018 UT 60, 435 P.3d 160, which states that "most [evidentiary] decisions involve a threshold statement of the legal principle governing admission or exclusion, *findings of facts* pertinent to a determination, and the application of the legal principle to the facts at hand with regard to admissibility." *Id.* ¶ 23 (cleaned up) (emphasis added). In Jolley's view, the district court's decision here was an appropriate step toward making findings of facts pertinent to his rule 412 motion. But the court had no need to make factual findings. It is not charged under rule 412 with assessing the credibility of witnesses or determining if the evidence Jolley seeks to admit is true; those tasks are for the jury. Instead, the court's tasks were to assume the truth of the evidence specifically described in Jolley's motion, determine whether it falls within the exceptions outlined in rule 412(b), and, if so, decide its admissibility. *See* UTAH R. EVID. 412(b)–(c).

¶29 We also reject Jolley's reliance on two court of appeals cases that Jolley contends show that his request for T.T.'s testimony at the 412 hearing is appropriate. Neither case applies.

¶30 First, in *State v. Clark*, the court of appeals explained that although rule 412 generally prohibits the admission of *truthful* evidence of prior sexual behavior, it does not govern the admission of evidence of a victim's *false* allegations of unrelated sexual assaults. 2009 UT App 252, ¶ 20 (citing *Tarrats*, 2005 UT 50, ¶¶ 22–24; *State v. Martin*, 1999 UT 72, ¶ 16, 984 P.2d 975). Thus, "[w]here *the issue is whether rule 412 applies at all,* because there is a legitimate question of whether the prior allegation is false," the court of appeals concluded that an evidentiary hearing "may be necessary

---

[4] The issue of the ultimate admissibility of the evidence identified in Jolley's rule 412 motion is not before us, and we express no opinion on that issue. Nor do we comment on the adequacy of the motion's showing.

*before* the trial court can determine whether to exclude the evidence under rule 412." *Id.* ¶ 26 (emphases added); *cf. Tarrats*, 2005 UT 50, ¶ 25 ("[T]o ensure that such improper evidence is not admitted, a defendant who wishes to impeach his accuser's credibility with the accuser's prior allegation of rape must first demonstrate by a preponderance of the evidence that the allegation was false."). In other words, as T.T. concedes in her brief, in "the special situation where a defendant seeks to establish that an alleged victim has made prior false accusations of rape, the district court in its discretion may hold a hearing on the subject." But that is an evidentiary hearing that *precedes* the hearing envisioned by rule 412(c)(3). And because the case at hand does not involve that kind of situation, *Clark* does not apply.

¶31   Second, Jolley cites *State v. Eddington*, 2023 UT App 19, 525 P.3d 920, in which a victim testified about other sexual behavior at a posttrial hearing held under rule 23B. *See id.* ¶¶ 15–16; *see also* UTAH R. APP. P. 23B(e) ("Upon remand the trial court will promptly conduct hearings and take evidence as necessary to enter the findings of fact necessary to determine the claim of ineffective assistance of counsel."). The court of appeals relied on that testimony to conclude that the trial court erred in limiting the scope of the defendant's cross-examination of the victim after the prosecution opened the door to questions about her prior sexual activity. *Eddington*, 2023 UT App 19, ¶¶ 26, 38. But the court of appeals' opinion does not reveal whether the victim objected to testifying at the rule 23B hearing, nor does the opinion speak to whether the movant may use rule 412 to compel a victim to testify at a rule 412 hearing before trial. Thus, *Eddington* has no applicability here.

¶32   Finally, Jolley defends the district court's conclusion that the in camera or closed nature of the session would sufficiently mitigate any imposition on T.T. Again, we disagree with Jolley and the district court.

¶33 As discussed, rule 412 "ensure[s] that sexual assault victims are not deterred from participating in prosecutions because of the fear of unwarranted inquiries into the victim's sexual behavior." *Tarrats*, 2005 UT 50, ¶ 20 (cleaned up). And the procedure for determining admissibility of such evidence seeks to protect the victim's privacy to the extent possible. Indeed, "the [rule 412] motion, related materials, and the record of the hearing are classified as protected." UTAH R. EVID. 412(c)(3). To that end, the

district court properly closed the hearings on Jolley's rule 412 motion. Yet the court erred by permitting Jolley to compel T.T.'s testimony at the 412 hearing.

¶34 Although a closed hearing would not be open to the public and instead would take place in front of a smaller group of people, the district court unduly minimized the extent to which questioning T.T. about her sexual history would intrude upon sensitive, personal matters. That kind of questioning, even in front of a small group, still would subject a victim to potential embarrassment and would undermine the rule's purpose by potentially deterring victims from participating in prosecutions altogether. *See Tarrats*, 2005 UT 50, ¶¶ 20, 24; *cf.* UTAH R. EVID. 412 advisory committee's note to 1994 adoption (explaining that rule 412 "also safeguards the alleged victim from the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details").

¶35 For all these reasons, the court misinterpreted rule 412 and thereby erred in denying T.T.'s motion to quash Jolley's subpoena compelling her testimony at the rule 412 hearing. We therefore reverse the court's order denying her motion to quash the subpoena.[5] *See* UTAH R. CRIM P. 14(a)(2).

## CONCLUSION

¶36 We hold that a party seeking to admit evidence under a rule 412(b) exception cannot compel a victim to testify at a 412 hearing. Accordingly, we reverse the district court's denial of T.T.'s motion to quash Jolley's subpoena, and we remand for further proceedings.

_____

[5] T.T. also supports her position with state constitutional arguments. But because the district court did not reach those arguments and because we reverse the district court's order on other grounds, we do not address them.